# Speakman v. Vest,

## Trespass.

(Decided Nov. 28, 1907.   44 So. Rep. 1021.)

1. *Chattel Mortgages; Transfer of Property by Mortgagor; Right of Transferee.*—Whether the mortgage remains in the hands of the original mortgagee or is in the hands of his transferee, a chattel covered thereby is subject to the mortgage until it is satisfied, although the chattel has been given by the mortgagor to another.

2. *Same.*—The fact that the chattel was in possession of a donee under a gift from the mortgagor does not affect or avoid a transfer of the mortgage covering the chattel, by the mortgagee.

3. *Same; Transfer of Mortgage; Action; Instruction.*—Where the donee of a chattel brings an action therefor and the defendant claims such chattel under a mortgage executed by the donor, and the evidence on the issue of payment of the debt secured by the mortgage is in conflict, an instruction stating the provisions of the mortgage as to the debt secured is not abstract or misleading.

4. *Trial; Issues; Question for Jury.*—Where the evidence was in conflict as to whether the mortgage was or was not satisfied, it became a question for the jury to decide.

5. *Same; Instructions; Invading Province of Jury.*—A charge asserting that if the jury believe the evidence they would find that the amounts paid on the mortgage exceeded the debt, is properly refused as invading the province of the pury.

6. *Witnesses; Contradiction; Admission.*—Where a person testified that he had paid off the debt secured by the mortgage, it was competent to show that he had made admission to the contrary.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by James Speakman against J. W. Vest. From a judgment for defendant, plaintiff appeals. Affirmed.

Plaintiff claimed the horse as a gift from his father. The defendant set up that the horse was mortgaged by W. I. Speakman, who was the owner and in possession of the horse at the time of the mortgage, and the father of the plaintiff. The mortgage was made to Echols & Hargrove, and transferred to Addie Vest, and defendant was acting as the agent of Addie Vest. The other facts.

sufficiently appear in the opinion. Plaintiff requested the following charges, which were refused: "(2) If the jury believe the evidence, they will find that the amounts paid on the mortgage exceeded the mortgage debt." "(3) If the jury believe the evidence, the mortgage was no protection to Vest." "(4) If the jury believe the evidence, they will find that the mortgage debt has been paid." "(24) If there was a gift by the owner of the horse to James Speakman, followed by a delivery to James Speakman, and the continued possession by him under claim of right thereafter, until after the transfer to Addie Vest and down to the taking of the property, then said mortgage was no protection." The following charge was given at defendant's request: "The mortgage in evidence in this case secures the note for $300, and also any other indebtedness that said mortgagor contracted with the mortgagees during the year 1900."

CALLAHAN & HARRIS, and E. W. GODBEY, for appellant. Charges 2, 3 and 4 should have been given. Even if the mortgage debt was not paid, the mortgage was partly for future advances and the burden is on the mortgagee to show that such advances were made.—1 Jones on Mortgages, 278. Charge 24 should have been given. The plaintiff had possession of the horse claiming his as his own at the time the mortgage was executed.—*Foy v. Cochran*, 88 Ala. 354. Plaintiff's objection to the question propounded to the witness Echols should have been sustained.—74 Ala. 78; 1 Greenl. 198; 16 Cyc. 997.

JOHN R. SAMPLE, and WERT & WERT, for appellee. Counsel discuss assignments of error without citation of authority.

[Speakman v. Vest.]

DOWDELL, J.—This is an action of trespass for the taking of a horse. The plaintiff claimed the horse by gift from his father. The evidence was without dispute that the father owned the horse and was in possession of him when he gave the mortgage. The gift as a matter of course was subject to the mortgage as long as the same remained unsatisfied, whether in the hands of the mortgagee or his transferee. The transfer of the mortgage carried all of the rights to the transferee. The fact that the plaintiff was in possession of the horse under the gift from his father, the mortgagor, at the time of the transfer of the mortgage, did not avoid the transfer.

There was evidence tending to show that the mortgage was unsatisfied, and also evidence tending to show that the mortgage debt had been paid. In this respect the evidence on the part of the plaintiff and defendant was in conflict, and it became a question for the jury.

Written charge No. 8, given at the request of the defendant, stated what the mortgage provided as to the indebtedness secured, and if, under the evidence, this charge had any misleading tendency, it could have been counteracted by an explanatory charge at plaintiff's request. There was no error in the giving of this charge.

Charges 2, 3, and 4, requested by the plaintiff, were properly refused. These charges were in effect the general affirmative charge to find for the plaintiff. Charge 24, requested by the plaintiff, was palpably erroneous. It does not correctly state the law. What we have already said above as to the gift, without more, is sufficient to condemn this charge.

The mortgagor testified to having paid off the mortgage, and it was, therefore, competent to prove his admissions to the contrary. This disposes of all of the as-

signments of error insisted on, and finding that no error has been committed on the trial, the judgment is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.